[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendant-appellant, Isaac Patton, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to consecutive terms of incarceration for one count of possession of cocaine, a felony of the fourth degree, and one count of trafficking in cocaine, a felony of the fifth degree. For the following reasons, we affirm the trial court's judgment.
{¶ 3} Patton was convicted of the offenses following a guilty plea. The trial court sentenced him to eleven months' incarceration on each charge, to be served consecutively.
{¶ 4} In his first assignment of error, Patton argues that terms of incarceration were improper, because the record does not support the trial court's finding concerning the seriousness of the offenses. Before imposing imprisonment for felonies of the fourth or fifth degree, the trial court must find one of the aggravating factors enumerated in R.C.2929.13(B)(1).[1] In the case at bar, the trial court found that the offenses were committed as part of organized criminal activity and that Patton had served a prior term of imprisonment. Although Patton argues that the record does not support the finding of organized criminal activity, he makes no such argument concerning the prior prison term. Because the trial court is required to find only one of the aggravating factors, any error with respect to the contested finding was harmless. The first assignment of error is overruled.
{¶ 5} In the second assignment of error, Patton argues that the trial court erred in imposing consecutive sentences. To impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.[2] The court must also find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) is applicable and must provide its reasons for each finding.[3]
{¶ 6} In the case at bar, Patton concedes that the trial court made the requisite findings but argues that the court did not state its reasons for those findings. We disagree. The court stated that Patton had an extensive criminal record dating back to 1982 and that he had a drug problem but refused treatment. The court noted that Patton had two prior felony drug convictions within the previous six years. The record supports the trial court's reasoning, and we find no error in the imposition of consecutive sentences. The second assignment of error is accordingly overruled.
{¶ 7} In his third and final assignment of error, Patton argues that the court erred in imposing an aggregate sentence of incarceration that exceeded the maximum term for a fourth-degree felony. Pursuant to R.C. 2953.08(C), the defendant must obtain leave of court to appeal the trial court's sentence on the basis that consecutive sentences exceed the maximum prison term allowed for the most serious offense of which the defendant was convicted. In the case at bar, Patton did not obtain leave of court to appeal on that basis. We therefore lack jurisdiction to entertain the third assignment of error.[4] The judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See R.C. 2929.13(B)(2)(a). The trial court must also find that imprisonment is consistent with the sentencing purposes described in the statute and that the offender is not amenable to community control. The trial court made those findings in the case at bar.
[2] See R.C. 2929.14(E)(4). In the case at bar, the court found, under R.C. 2929.14(E)(4)(c), that Patton's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.
[3] See State v. Evans, 1st Dist. No. C-020081, 2002-Ohio-5090, at ¶ 16.
[4] See State v. Myers, (Dec. 15, 2000), 2nd Dist. No. 00CA3. Had the trial court wholly failed to make the requisite findings for consecutive sentences, Patton would have been entitled to appeal on the basis that the sentences were contrary to law. See id. Because that was not the case, the third assignment of error is not properly before this court.